# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY BOYCE (# R-52162) ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 13 C 6526 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| JACKIE MARTELLA, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

The Court grants Jackie Martella's motion to dismiss for lack of personal jurisdiction [84]. The Court also notes that Boyce filed a response to Martella's motion to dismiss and a separate response to her memorandum of law in support of her motion to dismiss, despite the Court's prior warning that this is improper. [82.] The Court subsequently reminded Boyce that it would not consider any more multiple responses to a motion and a supporting memorandum in any of Boyce's cases. [101.] If Boyce nevertheless continues to file double-responses in any of his cases, the Court will not consider his second response. This ruling applies to all of Boyce's cases assigned to the undersigned judge.

## STATEMENT

Pro se Plaintiff Anthony Boyce is currently incarcerated at the Pontiac Correctional Center. This action is one of eight lawsuits regarding the conditions of confinement at the Stateville Correctional Center, where Boyce previously was housed. Boyce also has an additional conditions of confinement lawsuit (*Boyce v. Hale*, 14-cv-1199-JES-JEH) pending in the United States District Court for the Central District of Illinois, where the Pontiac Correctional Center is located. Before the Court is a motion to dismiss based pursuant to, among other things, Federal Rule of Civil Procedure 12(b)(2) filed by Defendant Jackie Martella. For the following reasons, the Court finds that it cannot exercise personal jurisdiction over Jackie Martella and thus dismisses the claim against her. The Court will, therefore, not consider the parties' other arguments.

## BACKGROUND

The Court will construe Boyce's allegations liberally because he is proceeding pro se. *See Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). Martella is the CEO of Boswell Pharmacy Services. (R. 81, Third Am. Compl., p. 2.) Boyce wrote Martella numerous letters asking her to send him a refill for his prescription analgesic balm, acetaminophen, and Naproxen. (*Id*. Exs. 18-23, 25-26, 35, 38, 39, and 41.) Although the letters ask for unspecified prescription refills, the Court assumes that Boyce wanted to use the requested prescriptions to address alleged

wrist pain associated with the use of handcuffs. Boyce contends that Martella's failure to respond to his letters means that she was deliberately indifferent to his serious medical needs. (*Id*. p.2.) He also asserts, with no supporting details, that Martella "consistently and systematically traditionally provides medical care to prisoners at Stateville via medication" (presumably, prescriptions filled by Boswell). (R. 97, Pl.'s Opp'n to Martella's Memorandum, p. 3.)

Martella resides in Pennsylvania. (R. 85, Martella Mot., p. 5.) In her motion to dismiss, she argues that her receipt of letters from Boyce is insufficient to subject her to personal jurisdiction in Illinois. Alternatively, she argues that Boyce failed to exhaust his administrative remedies and that, in any event, his claims fail on the merits because the allegations in the third amended complaint do not show that she acted under color of state law, was personally involved in the events that led to Boyce's failure to receive his prescriptions, or knew that Boyce had an objectively serious medical condition and knowingly disregarded an excessive risk to his health.

## **LEGAL STANDARD**

When considering a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the Court may consider matters outside of the pleadings. *See Purdue Research Found. v. Sanofi–Sythlabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If it resolves a Rule 12(b)(2) motion based on the submission of written materials without holding an evidentiary hearing, the plaintiff must make a prima facie case of personal jurisdiction. *See uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010). When determining if a plaintiff has met this burden, the Court must resolve all factual disputes in the plaintiff's favor. *See id*.

In a federal question case where no federal statute authorizes nationwide service of process, a federal court in Illinois may exercise personal jurisdiction over a defendant if it could do so under the Illinois long-arm statute. *Id*. at 425. "A state's exercise of personal jurisdiction is also subject to the demands of the Fourteenth Amendment's due process clause." *Id*. "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *Id.* The due process test for personal jurisdiction requires that a defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts" or due to "the unilateral activities of another party or third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotations omitted).

There are two types of personal jurisdiction – general and specific. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984). "General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State, and is permitted only where the defendant conducts continuous and systematic general business within the forum state." *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In contrast, specific jurisdiction grows out of "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, — U.S. —, 134 S.Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). It is "appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (internal quotations omitted).

## **DISCUSSION**

Boyce has clearly articulated the basis for his claim that the Court may properly exercise personal jurisdiction over Martella – the numerous unanswered letters he sent from Illinois asking for prescription refills. The Court accepts Boyce's allegation that he sent Martella a series of letters as true for the purposes of Martella's motion to dismiss.

Boyce appears to be arguing that general jurisdiction over Martella is proper as he contends that she "consistently and systematically traditionally provides medical care to prisoners at Stateville via medication." (R. 97, Pl.'s Opp'n to Martella's Memorandum, p. 3.) Martella is the CEO of Boswell Pharmacy Services, which is a separate legal entity. *See Wells Fargo Bus. Credit v. Hindman*, 734 F.3d 657, 667 (7th Cir. 2013) (holding that "[a] corporation is a legal entity separate from its directors, officers, and shareholders"). Boswell, not Martella, has a contractual arrangement that makes it responsible for providing prescription medications to prisoners housed at Stateville. Despite Boyce's conflation of Boswell and Martella, these Defendants are two different parties and are not interchangeable. *See id*.

Turning to Boyce's allegations about Martella's actions, Boyce specifically faults her for ignoring his letters. Martella's alleged failure to act in Pennsylvania in response to unsolicited letters sent from Illinois does not rise to the level of "continuous and systematic general business" within Illinois. *See GCIU-Emp'r Ret. Fund*, 565 F.3d at 1023. Thus, the Court may not exercise general jurisdiction over Martella.

With respect to specific jurisdiction, the Seventh Circuit has recently held that:

Crucially, not just any contacts will do: "For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum State." [*Walden*, 134 S.Ct.] at 1121 (emphasis added). The "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id*. at 1126. Furthermore, the relation between the defendant and the forum "must

arise out of contacts that the 'defendant *himself* ' creates with the forum . . . ." *Id*. at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Contacts between the plaintiff or other third parties and the forum do not satisfy this requirement. *Id*.; *see Walden*, 134 S.Ct. at 1122.

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,751 F.3d 796, 801 (7th Cir. 2014).

      Boyce cannot meet this standard. His sole basis for suing Martella is her alleged failure to respond to the numerous letters he claims he sent from Stateville asking for prescription refills. Boyce – not Martella – created this contact with Illinois and "there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.'" *See id*. at 802 (quoting *Walden*, 134 S.Ct. at 1122); *see also Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*, 623 F.3d 440, 447 (7th Cir. 2010) (holding that a Texas defendant's receipt of a cease-and-desist letter sent from Illinois did not show that the defendant took actions that were expressly aimed at Illinois); *Eco Pro Painting, LLC v. Sherwin-Williams Co.*, 807 F. Supp. 2d 732, 738-39 (N.D. Ill. Aug. 10, 2011) (holding that a defendant's refusal to abandon a trademark after receiving a cease-and-desist letter was insufficient to establish personal jurisdiction).

      Moreover, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S.Ct. at 1122; *see also Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot") (emphasis in original). Boyce's decision to send a series of letters to Martella in her home state of Pennsylvania does not demonstrate that Martella purposefully directed actions towards Illinois. *See Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Thus, haling her into court in Illinois would violate due process. *See Walden*, 134 S.Ct. at 1123; *see also Hankins v. Burton*, 2012 WL 3201947 (C.D.Ill. Aug 03, 2012) (NO. 4:11-CV-4048-SLD-JAG) (dismissing § 1983 claims against out-of-state probation officers who supervised the plaintiff's probation pursuant to an interstate compact with Illinois because they did not purposefully avail themselves of the privilege of conducting activities within Illinois or have any meaningful contacts with Illinois). Accordingly, the Court grants Martella's motion to dismiss based on personal jurisdiction. It thus need not consider the parties' other arguments, including Martella's claims that Boyce failed to exhaust his administrative remedies with respect to the claim against her and that she is not a state actor.

ENTERED:

Dated: September 29, 2014

_____
AMY J. ST. EVE
United States District Court Judge