**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY BOYCE (# R-52162)   ) | |
|   ) | |
|   Plaintiff,   ) | |
|   ) | Case No. 13 C 6526 |
|   v.   ) | |
|   ) | Judge Amy J. St. Eve |
| JACKIE MARTELLA, et al.,   ) | |
|   ) | |
|   Defendants.   ) | |

## ORDER

The Court denies the motion to dismiss filed by Defendant Boswell Pharmacy Services. [102]. Boswell shall answer the third amended complaint by November 25, 2014.

## STATEMENT

Pro se Plaintiff Anthony Boyce is currently incarcerated at the Pontiac Correctional Center. This action is one of a total of eight lawsuits Boyce filed about the conditions of confinement at the Stateville Correctional Center, where he was previously housed. Boyce also has an additional conditions of confinement lawsuit (*Boyce v. Hale*, 14-cv-1199-JES-JEH) pending in the United States District Court for the Central District of Illinois, where the Pontiac Correctional Center is located. Before the Court is a motion to dismiss based pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Boswell Pharmacy Services. For the following reasons, the Court denies the motion.

## BACKGROUND

The Court draws the following facts from Boyce's third amended complaint and accepts them as true for purposes of the motions to dismiss. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). In addition, the Court will construe Boyce's allegations liberally because he is proceeding pro se. *See Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014).

Boyce filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Boswell Pharmacy Services (an entity responsible for filling prescriptions for Stateville prisoners), Jackie Martella (Boswell's CEO), Frederick Nash (a correctional officer at Stateville who handcuffed Boyce), LaTanya Williams (a physician's assistant at Stateville who treated Boyce), and Marcus Hardy (Stateville's warden at the relevant time). The factual allegations about Boswell in the third amended complaint are scant. Boyce expected Boswell to fill his prescriptions, presumably because Boswell was responsible for filling prescriptions submitted on

behalf of inmates at Stateville. (R. 81, Third Am. Compl., ¶ 15.)[1] After Boswell did not fill a prescription for a refill of a previously prescribed medication, Boyce's family called Boswell in an unsuccessful effort to prompt Boswell to process Boyce's prescription. (*Id*. ¶ 16.) Boyce also wrote a letter addressed to "Boswell Pharmacy Service/J. Martella" stating, "Could you please refill my medication Naproxen you could help me if you wanted to thanks." (*Id*. Ex. 41.) Boyce asserts, with no supporting details, that Boswell has an "unconstitutional unwritten policy" of interfering with the ability of Stateville prisoners to obtain prescription medication that is meant to cause the affected prisoners to experience unnecessary pain. (*Id*. ¶ 19 and p. 9.)

**LEGAL STANDARD**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. This means that a complaint must contain sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Put differently, a complaint "must provide enough details about the subject matter of the case to present a story that holds together." *Mehta v. Beaconridge Improvement Ass'n*, 432 Fed. Appx. 614, 616 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010)). The Court asks "whether the story could have happened, not whether it did." *Id*.

**DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that a defendant who was acting under color of state law violated his rights under the Constitution or laws of the United States. *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014) (citing 42 U.S.C. § 1983). The "under color of state law" requirement means that "defendants in § 1983 cases are usually government officials." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). Nevertheless, a private entity can violate § 1983 if: (1) "the alleged deprivation of federal rights [was] caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone for whom the state is responsible" and (2) the private party "may fairly be said to be a state actor." *Id*.

---

[1] When referring to Boyce's third amended complaint, the Court will cite to paragraphs where possible. Where Boyce does not number his allegations, the Court will cite to page numbers.

In the context of medical care provided by private entities at state correctional institutions, "[a] business like Wexford [Health Sources] that contracts to provide medical care to prisoners undertakes freely, and for consideration, responsibility for a specific portion of the state's overall [constitutional] obligation to provide medical care for incarcerated persons . . . acts under color of state law for purposes of § 1983." *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 797 (7th Cir. 2014) (internal quotations omitted); *see also West v. Atkins*, 487 U.S. 42, 54 (1988) (holding that "a physician employed by North Carolina to provide medical services to state prison inmates [] acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury. Such conduct is fairly attributable to the State."). In contrast, "medical providers who have only an incidental or transitory relationship with the penal system generally are not considered state actors." *Shields*, 746 F.3d at 797-98 (internal quotations omitted).

As noted above, Wexford is a state actor. *Shields*, 746 F.3d at 797. Construing Boyce's third amended complaint liberally, he alleges that Boswell is ultimately responsible for filling inmates' prescriptions and that Boswell acts in concert with Wexford and at its direction to ensure that inmates at Stateville receive prescription medication. This is sufficient to survive a motion to dismiss based on § 1983's state action requirement. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 824-27 (7th Cir. 2009) (concluding that the state action analysis turns on "the degree to which the work of the private medical provider is controlled or influenced by the state.").

The Court adheres to this conclusion notwithstanding Boswell's claim that it is not a state actor because it is a private entity that contracted with Wexford (as opposed to the Illinois Department of Corrections) to provide pharmaceutical supplies at various correctional institutions. (R. 103, Boswell Memo., p. 3.) According to Boswell, its employees occasionally visit Stateville "for the purpose of accessing and developing their contract with Wexford" but it does not maintain an onsite pharmacy at Stateville. (*Id*. at 5-6.) Instead, it contends that it merely ships prescription medications for inmates to Stateville pursuant to Wexford's directions and its contractual relationship with Wexford. (*Id*.) Based on the lack of a direct relationship with the State of Illinois, Boswell argues that it did not act under color of state law in connection with Boyce's prescription and thus cannot be liable under § 1983. (*Id*. at 6-7.) It also argues that by providing prescriptions to inmates via Wexford, it did not replace the State's duty to provide medical care or assist it in providing care. (R. 130, Boswell's Reply, p. 4.)

Boswell's attempt to distance itself from the State of Illinois by stressing that it contracted with Wexford, not the Illinois Department of Corrections, and thus is twice-removed from the State does not account for the fact that Wexford is a state actor. *See Shields*, 746 F.3d at 797. More fundamentally, however, all of Boswell's arguments about the state action requirement are based on facts that are not in the third amended complaint or its attachments. Thus, they are not properly before the Court at this stage of the proceedings. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (holding that "[a] motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject

to proper judicial notice"); *Rutherford v. Judge & Dolph, Ltd.*, 707 F.3d 710, 713-14 (7th Cir. 2013) (concluding that district court improperly considered facts other than those alleged in the complaint when ruling on a Rule 12(b)(6) motion). It is possible that a more fully developed record will support Boswell's factual contentions regarding the state action requirement. It is premature and improper, however, to decide this issue based on facts presented by Boswell in support of a motion to dismiss.

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court declines to convert Bowell's motion to dismiss to a motion for summary judgment. No discovery has taken place and Boswell has not (and cannot, given this case's procedural posture) identified evidentiary support for its factual allegations. Moreover, there is no reason to excuse Boswell from complying with Local Rules 56.1 and 56.2, which govern the format of motions for summary judgment and the notice that pro se litigants must receive when an opposing party moves for summary judgment. Thus, Boswell's motion to dismiss is denied.

ENTERED:

Dated: November 4, 2014

*[signature]*

AMY J. ST. EVE
United States District Court Judge