# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY BOYCE, | |
| Plaintiff, | |
| v. | Case Number 13 CV 6526 |
| JACKIE MARTELLA, et al., | Judge Amy J. St. Eve |
| Defendants. | Magistrate Judge Young B. Kim |

## DEFENDANTS' AMENDED JOINT MOTION FOR SANCTIONS

NOW COME Defendants, LA TANYA WILLIAMS, P.A., by and through one of their attorneys, Joseph J. Lombardo of CASSIDAY SCHADE LLP; FREDERICK NASH, by and through his attorney, ILLINOIS ATTORNEY GENERAL LISA MADIGAN; and Defendant, BOSWELL PHARMACY SERVICES, INC., by and through one of its attorneys, Bradley J. Smith of KEEFE, CAMPBELL, & ASSOCIATES, and for their Amended Joint Motion for Sanctions (revising "Exhibit C" pursuant to the Court's March 2, 2015 order (Court Document #162)), state as follows:

### I. Introduction

1. Plaintiff, ANTHONY BOYCE (hereinafter referred to as "Plaintiff" or "Mr. Boyce"), is an inmate in custody of the Illinois Department of Corrections (hereinafter referred to as the "IDOC")(Court Document #81 at ¶ 1). This is the seventh case regarding the conditions of his confinement that the Plaintiff has filed in this District in the past four years.[1] During the time period relevant to his claims in the present matter, Plaintiff was incarcerated at Stateville Correctional Center (hereinafter referred to as "Stateville") in the course of serving a sentence

---

[1] Other cases currently pending in this District include 12-cv-05372, 13-cv-02967, 13-cv-3840, 13-cv-5746, 13-cv-06832, and 14-cv-0418.

for murder and solicitation of murder. (*See* Court Document #81 and deposition transcript of Anthony Boyce, which has been attached hereto as "Exhibit A", at page 5, lines 4-5).

    2.    On or about November 19, 2013, Plaintiff filed his initial *pro se* complaint in this matter pursuant to 42 U.S.C. §1983. (Court Document #6). On July 15, 2014, the Plaintiff filed his Third Amended Complaint. (*See* Court Document #81). In his Third Amended Complaint, Plaintiff alleges Defendant, FREDERICK NASH, used excessive force when he handcuffed him after an October 28, 2011 mental health appointment. (*See* Court Document #81 at pages 2-9). In addition, Plaintiff claims Defendants, LA TANYA WILLIAMS, P.A., and BOSWELL PHARMACY SERVICES, INC, were deliberately indifferent to an alleged wrist injury that resulted from the excessive force. (*See* Court Document #81 at pages 2-9).

    3.    In support of his claims, Plaintiff attached several documents to his Third Amended Complaint. Amongst these documents is a statement prepared by Plaintiff, and purportedly signed by Stateville Licensed Clinical Professional Counselor, Charles Woods (hereinafter referred to as "Mr. Woods"). (*See* Court Document #81 at page 12; Court Document #6 at page 9).

    4.    In the statement purportedly signed by Mr. Woods (hereinafter referred to as the "Woods Statement", which has been attached hereto as "Exhibit B"), there is a description authored by Plaintiff regarding an alleged incident that occurred during and after an October 28, 2011 mental health session between Plaintiff and a mental health professional, Usha Kartan, M.D. (*See* "Exhibit B"). In this document, Plaintiff writes "If this is so per your investigation Dr. Woods I am asking you sign your signature." *Id.* The Woods Statement also contains a signature affixed to the document that appears to be that of Mr. Woods dated January 19, 2012. *Id.*

5. At his deposition, Plaintiff testified that he prepared the Woods Statement with the cooperation of Mr. Woods, and that Mr. Woods read and signed the Woods Statement in Plaintiff's presence on January 19, 2012. ("Exhibit A" at page 43, line 2 – page 45, line 21).

6. Upon investigation into the authenticity of the signature affixed to the purported statement, it was revealed that Mr. Woods did not actually sign the Woods Statement; and thus, that the signature bearing his name was a forgery.

7. On January 6, 2015, Mr. Woods executed a declaration verifying that he never signed the statement that purportedly bears his signature (hereinafter referred to as the "Declaration"). (*See* Declaration of Charles Woods, which has been attached hereto as "Exhibit C", at ¶¶ 9-10).

## II. Argument

8. Plaintiff has engaged in grossly unethical conduct by forging the signature of Mr. Woods, and then attaching a falsified document to his pleadings in an attempt to use it in support of his claims. Furthermore, he perjured himself at his deposition when he testified that he witnessed Mr. Woods read and sign the Woods Statement. Based on the foregoing, Mr. Boyce's conduct is an affront to the Court, and of such an egregious nature that dismissal of the present matter is warranted.

### A. Plaintiff's Forgery of Mr. Woods' Signatures, As Well As His Subsequent Perjury Regarding the Same, Warrant Sanctions In the Form of Dismissal of the Case

9. Before imposing sanctions upon a litigant, a court must find that the party "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *see Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004). As a fraud on the court, falsifying evidence and perjury may warrant the sanction of dismissal. *Montano v. City of Chicago*, 535 F.3d 558, 564

(7th Cir. 2008); <u>see also</u> *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999); *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77-79 (5th Cir. 2011) (perjury); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009) (submission of falsified evidence to the court); *Monsanto Co. v. Ralph*, 382 F.3d 1374, 1381 (Fed. Cir. 2004) (destruction of evidence and perjury); *Martin v. Daimler Chrysler Corp.*, 251 F.3d 691, 695 (8th Cir. 2001) (perjury). The severity of a sanction should be proportional to the gravity of the offense, *Williams v. Adams*, 660 F.3d 263, 265-66 (7th Cir. 2011); *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003).

10. Another case from the Seventh Circuit is analogous to the present matter. In *Jackson v. Murphy*, 468 Fed. Appx. 616, 619-620 (7th Cir. 2012), the plaintiff, an inmate, sued prison officers *pro se* under 42 U.S.C. § 1983 for their deliberate indifference to several of his medical needs. *Jackson* at 617. The defendants moved for summary arguing that plaintiff did not exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Id.* at 618. As such, the court held an evidentiary hearing regarding the exhaustion issue pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), to determine if plaintiff timely grieved his claims. *Id.* During the evidentiary hearing, it was determined plaintiff forged a grievance he submitted as evidence. *Id.* As such, defendants moved for sanctions, and asked that the case be dismissed on that basis. *Id.* The district court granted the motion for sanctions and dismissed the case. *Id.* The district court explained that plaintiff's was "the most egregious sort of misconduct" because he forged a document, lied to the court, and forced a costly hearing by creating a factual dispute where none existed. *Id.*

11. On appeal, the Seventh Circuit held "the sanction of dismissal was entirely warranted." *Id.* at 620. The Court reasoned that the plaintiff "both perjured himself and forged a

4

document critical to the prosecution of his case." *Id.* The Court further held that "in a case in which the plaintiff's fraud is criminal in character and would if undetected destroy a legitimate and dispositive defense," a district court need not consider lesser sanctions. *Id.* Moreover, the Court properly considered the need "to deter future parties from trampling upon the integrity of the court." *Id*.

12. The Seventh Circuit also considered plaintiff's argument that the district court failed to warn him before dismissing his case. In this regard, the Court held that it "may punish particularly egregious misconduct by dismissing a case without advanced warning. *Id.* [internal citations omitted]. The Court reasoned that "[t]his is such a case because [plaintiff[, like any litigant, required no notification that he may not forge documents and must tell the truth when testifying in an affidavit." *Id.*

13. Plaintiff's egregious misconduct in the present matter is exactly the type of behavior that the Seventh Circuit was trying to deter when it issued its ruling in *Jackson*. In this regard, Plaintiff prepared a statement that he knew to be false, and then forged the signature of Mr. Woods upon those falsified statements. (*See* "Exhibit B"). It can be inferred that Plaintiff perpetrated this forgery by using documents that contained actual signature of Mr. Woods, such as his mental health records, and then traced over his actual signatures. A genuine copy of Mr. Woods signature was readily accessible to Plaintiff, as he attached mental health progress notes signed by Mr. Woods to his pleadings (*See, i.e.,* Court Document #81 at page 49).

14. After creating the falsified statement, Plaintiff attached it to his pleadings in this matter in an effort to support his claims. (*See* Court Documents #7 at page 9, and #81 at page 12). Thus, Plaintiff was knowingly and intentionally committing fraudulent behavior in an effort to build his case on a foundation of lies.

5

15. Furthermore, at his deposition, Plaintiff perjured himself regarding the authenticity of these documents. To this end, Mr. Boyce testified that he personally observed Mr. Woods read and sign the statements at issue. ("Exhibit A" at page43, line 2 – page 45, line 21). However, he knew this testimony was false at the time of his deposition, as he was the one that forged the Woods Statement.

16. It is anticipated that Plaintiff will challenge the veracity of Mr. Woods regarding their recent declarations in which he confirmed that he never signed the Woods Statement. However, Mr. Woods is a disinterested party in the present litigation, and has no conceivable reason to lie regarding the authenticity of his signature.

17. While Mr. Woods' declaration confirming that he did not sign the statement attached to Plaintiff's pleadings is sufficient to demonstrate Plaintiff forged said document, Plaintiff's egregious and unethical behavior in this matter is not an isolated incident. To the contrary, Plaintiff has exhibited a pattern of using forgery and deceit to obtain what he wants.

18. To this end, Plaintiff was convicted of first-degree murder in connection with an attempt to perpetrate a life insurance fraud conspiracy whereby a co-conspirator impersonated the murder victim, purchased a life insurance policy in the victim's name, and named another co-conspirator as the beneficiary. After the life insurance policy was issued, Mr. Boyce shot the victim and attempted to make a claim for the proceeds of the life insurance policy. (*See* Cook County State's Attorney Official Statement of Facts regarding Case 01CR-16813, which has been attached hereto as "Exhibit D", at pages 6-7).

19. In addition, once in custody of the IDOC, Plaintiff was convicted of Solicitation of Murder. This conviction involved a scheme concocted by Mr. Boyce whereby he wrote a letter directing his cousin to frame the insurance agent that testified against him at trial for the

6

murder Plaintiff was convicted of. (*See* Cook County State's Attorney Official Statement of Facts regarding Case 09CR-13471, which has been attached hereto as "Exhibit E", at page 2). In an effort to get the letters to his cousin, Mr. Boyce addressed the envelopes in the name of his attorney, but to a post office box that was used by his aunt. *Id.* Prison officials noted that the actual address of the attorney was improper; and therefore not legal mail, which made it subject to being opened and read by prison officials. *Id.*

20. In addition, Plaintiff recently was found to have forged documents during the pendency of this case. In this regard, on May 12, 2014, Plaintiff was found guilty of a disciplinary ticket at Pontiac Correctional Center for forging the name of a non-existent inmate in an attempt to obtain free copies of his legal paperwork. (*See* Adjustment Committee Final Summary Report, which has been attached hereto as "Exhibit F"). In a letter written to the Adjustment Committee, Plaintiff admitted that he signed the name of a fictitious inmate so that he could obtain free copies of his legal work. (*See* Correspondence from Anthony Boyce to the Adjustment Committee, which has been attached hereto as "Exhibit G").

21. Now that Mr. Woods' statement has been revealed as a forgery, Plaintiff's claims in this matter rest solely on his own testimony. However, based upon Plaintiff's propensity for dishonesty, as exhibited by his acts of forgery and perjury during his deposition, Mr. Boyce's allegations cannot be afforded any weight, as he has lost all credibility. Because Plaintiff used a forged statement in support of his claims, Defendants had to expend considerable efforts and expenses in defending a claim based upon nothing more than Mr. Boyce's own self-serving allegations and falsified documents.

22. Plaintiff may argue that as a *pro se* litigant, he was not on notice that such unethical conduct could result in dismissal of his case. However, as the Court found in *Jackson,*

7

dismissal without warning is warranted in cases in which there is egregious misconduct. Plaintiff's conduct in the present matter certainly classifies as egregious conduct.

23.     Based on the foregoing, Plaintiff has attempted to support his claims with a statement that he knew to be false; and nonetheless, proffered it as authentic. Mr. Boyce has demonstrated a pattern of fraudulent activity and deceit. As such, his actions are an affront to the integrity of the judicial process. Following the holding in *Jackson*, Plaintiff's conduct is of such an egregious nature that dismissal of this matter is warranted.

WHEREFORE, Defendants, LA TANYA WILILAMS, P.A., FREDERICK NASH, and BOSWELL PHARMACY SERVICES, INC., respectfully request that this Court grant the following relief:

1) The imposition of sanctions against Plaintiff for his egregious conduct, including, but not limited to dismissal of the above-captioned matter;

2) That dismissal of this case count as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g); and

3) For whatever further relief the Court deems fair and just.

        Respectfully submitted,

        CASSIDAY SCHADE LLP

By: /s/ *Joseph J. Lombardo*_____
    One of the Attorneys for Defendant, LA TANYA WILLIAMS, P.A.

By: /s/ *Jeanne N. Brown*_____
    One of the Attorneys for Defendant, FREDERICK NASH

By: /s/ *Bradley J. Smith*_____
    One of the Attorneys for Defendant, BOSWELL PHARMACY SERVICES, INC.

Prepared by:

Matthew H. Weller/ ARDC No. 6278685
Joseph J. Lombardo/ ARDC No. 6306466
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
mweller@cassiday.com
jlombardo@cassiday.com